In the Matter of INTERCO
INCORPORATED, et
al., Debtors.

Bankruptcy No. 91-40442-172.

United States Bankruptcy Court,
E.D. Missouri, E.D.

Feb. 20, 1992.

Bryan, Cave, McPheeters & McRoberts, Gregory D. Willard, St. Louis, Mo. for debtors.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

This matter concerns the "Objection of Interco Incorporated, Bowen Shoe Company, Inc. and the Florsheim Shoe Store Company–Midwest to Proofs of Claim Filed by Stephen P. Maricle." (Claim Objection # 12).

This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334 and Local District Court Rule 29. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Debtors Interco Incorporated, Bowen Shoe Company, Inc. and The Florsheim Shoe Store Company–Midwest (collectively, "Debtors") commenced their respective reorganization cases on January 24, 1991 by filing voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors' Chapter 11 cases are being jointly administered for procedural purposes only, pursuant to a January 25, 1991 Order of this Court.

On June 27 and 28, 1991, Claimant Stephen P. Maricle filed five proofs of claim. He claimed $1,987,500.00 each for claim numbers 04951, 04952 and 04953. Mr. Maricle claimed $1,792,214 for claim number 04848 and $30,000.00 for claim number 04950. Mr. Maricle asserted in his documents that his claims were based on "Wrongful Termination," and "Breach of Contract" and, in the case of claim number 04950, wages and retirement benefits.

On October 7, 1991, Debtors filed their objection to the proofs of claim filed by Claimant Stephen P. Maricle (Claim Nos. 04848, 04950, 04951, 04952 and 04953). The trial on the claim objection was held on January 16, 1992.

The decision of this Court is based primarily on a finding that Mr. Maricle is in default with respect to the Debtors' objections to his claims.

Under Section 502 of the Bankruptcy Code, a claim is "deemed allowed, unless a party in interest, ... objects." 11 U.S.C. § 502(a). Here, the Debtors have made a timely objection.

As a rebuttal to the Debtors' objection in this case, the claimant must at least establish that a claim exists. This Court finds from the record here that Mr. Maricle has failed to establish the existence of the claim, in that he has not presented any supporting documentation or other valid ev-

idence to support his assertion that he holds a claim against these Debtors. Mr. Maricle did not appear at trial. The responses filed by Mr. Maricle consist of a typewritten document filed on October 31, 1991 and two handwritten documents in the form of letters to the Court filed on January 14, 1992. These submissions by Mr. Maricle are not attested to and consist only of allegations and unsupported conclusions made by Mr. Maricle.[1] Mr. Maricle has not presented any documentary or testamentary evidence to rebut Debtors' objection to his claims.

Therefore, the Court finds and concludes that the Claimant's proofs of claims have been objected to, and that the objections are valid, and that the claimant has failed to respond to or refute these objections.

IT IS ORDERED that this hearing is concluded; and that the Debtors' objections are sustained; and that Claims No. 04848, 04950, 04951, 04952 and 04953 on behalf of Stephen P. Maricle are NOT ALLOWED in these cases.

---

1. After the hearing was concluded and the Objection sustained from the bench, this Court received more letters of this nature from Mr. Maricle. These letters provided no further support for Mr. Maricle's response to the objection.